IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-73-H
No. 5:14-CV-346-H

DAVID LEWIS BYRD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss [D.E. #57] petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ##50, 55]. Petitioner has also filed a motion for appointment of counsel [D.E. #54] and a motion entitled "Motion for Right to Pursue Appeal" which this court construes to be a supplement to his section 2255 motion [D.E. #60]. Petitioner has not responded to the government's motion, and the time for filing a response has expired. These matters are ripe for adjudication.

**BACKGROUND**

On May 7, 2010, petitioner pled guilty, without a plea agreement, to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)

and 924. [D.E. ##1, 19]. On October 11, 2011, this court sentenced petitioner to a term of imprisonment of 24 months. [D.E. #45]. Judgment was entered on October 19, 2011. [D.E. #46]. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On or about June 13, 2014, petitioner filed a motion to vacate his sentence [D.E. #50] and then filed a corrected motion [D.E. #55] on June 25, 2014, in compliance with the court's order directing him to do so. Petitioner claims: (1) that he was denied the right to seek direct appellate review because he was not informed of his right to appeal [D.E. #55 at 3]; (2) that his conviction violated double jeopardy because he allegedly was previously convicted of the same offense in state court [D.E. #55 at 4]; and, (3) that his "probationary sentence" should run concurrently with time he has served in state custody [D.E. #55 at 5]. On June 23, 2014, petitioner filed a motion for appointment of counsel. [D.E. #54]. On July 17, 2014, petitioner filed a supplement motion seeking to vacate his judgment and receive permission to pursue direct appellate review. [D.E. #60].

2

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner has not alleged sufficient facts to warrant an extension of the limitations period pursuant to 28

3

U.S.C. § 2255(f)(3) or justify equitable tolling. Petitioner's 28 U.S.C. § 2255 motion is untimely and is therefore DISMISSED.

Additionally, petitioner does not have a constitutional right to assistance of counsel to collaterally attack his conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1990); See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993) (A prisoner is not constitutionally entitled to appointment of counsel in a 28 U.S.C. § 2255 proceeding.) Although a statutory right to appointment of counsel in 28 U.S.C. § 2255 proceedings exists pursuant to Rule 8 if an evidentiary hearing is warranted, Vasquez, 7 F.3d at 83, no evidentiary hearing is warranted in the instant matter because petitioner has failed to state a claim for which relief can be granted. Therefore, petitioner's motion for appointment of counsel is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #57] is GRANTED, petitioner's section 2255 motion [D.E. ##50, 55 and 60] is DISMISSED, and his motion for appointment of counsel [D.E. #54] is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find

that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 *(2000)*; <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 24TH day of November 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34